**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-981-WJM

THERESA ANN THIBOU,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE**

---

This matter is before the Court on review of Defendant Commissioner of the Social Security Administration Andrew M. Saul's (the "Commissioner's") decision denying Plaintiff Theresa Ann Thibou's application for disability insurance benefits. For the reasons set forth below, the Commissioner's decision is vacated and this case is remanded for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff applied for disability insurance benefits on November 21, 2016, alleging a disability onset date of January 28, 2016. (R. at 16.) Plaintiff was born in May 1966 and was 49 years old at the alleged onset date. (R. at 139.) Plaintiff's application for disability benefits was initially denied on November 9, 2017, and thereafter, she requested a hearing in front of an administrative law judge ("ALJ"). (R. at 15.) That hearing took place on August 20, 2018. (*Id.*)

## II.  THE ALJ'S DECISION

The ALJ denied Plaintiff's claim for benefits in a decision dated October 26, 2018.  (R. at 28.)  At step one of the sequential evaluation process required by law,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (R. at 17.)  At step two, the ALJ found that Plaintiff has the following severe impairments: bilateral knee impairments; varicose veins of the bilateral lower extremities; degenerative disc disease of the thoracic and lumbar spine; osteoarthritis of the bilateral hips; major depressive disorder; generalized anxiety disorder; and PTSD.  (*Id.*)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (*Id.* at 21.)

As to Plaintiff's residual-functional capacity ("RFC"), the ALJ found as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can stand and/or walk up to four hours in an eight-hour workday and sit for six hours in an eight-hour workday; she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she can frequently handle with the bilateral upper extremities; and she should never work at unprotected heights or around moving and/or dangerous machinery.  She is able to perform work that consists of simple, routine tasks and she can tolerate occasional contact with coworkers and supervisors, but should have no

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1998).  The claimant has the burden of proof through steps one to four; the Commissioner has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

    contact with the public.

(R. at 20.)

  At step four, the ALJ determined that, given Plaintiff's RFC, she is unable to perform any past relevant work.  (R. at 26.)  At step five, taking into account Plaintiff's age (52 at the time of the ALJ's decision), education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national and regional economies that Plaintiff can perform.  (R. at 27.)  Based on the hearing testimony from a vocational expert, the ALJ determined that Plaintiff could perform such jobs as photocopying-machine operator, mail clerk (non-postal), and office clerk.  (R. at 27.)  Consequently, the ALJ found Plaintiff to be "not disabled" under sections 216(i) and 223(d) of the Social Security Act.  (R. at 28.)

### III.  LEGAL STANDARD

  The Court's review of a determination that a claimant is not disabled is limited to determining whether the record contains substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "Evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d

at 1262. However, the Court "may not reweigh the evidence nor substitute [its] judgment" for the Commissioner's. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Additionally, "[t]here are specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). "Failure to follow these rules constitutes reversible error." *Id*.

## IV. ANALYSIS

Plaintiff advances three grounds for vacating the decision below: (1) the ALJ improperly weighed certain medical source opinions; (2) the ALJ erroneously found that Plaintiff's impairments did not meet Listing 12.15 of 20 C.F.R. § 404, Subpart P, Appendix 1; and (3) the ALJ's findings as to the consistency of Plaintiff's assertions with the medical evidence are not supported by substantial evidence and are non-compliant with Social Security Ruling 16-3p. (ECF No. 17.) The Court need only address Plaintiff's first argument, as it provides a basis for vacating and remanding the decision of the Commissioner denying Plaintiff's application for disability insurance benefits.

Plaintiff's long-term treating physician Dr. William Howarth opined that, based on Plaintiff's lumbar and thoracic spondylosis, she was limited to standing or walking for less than two hours in an eight-hour workday, and that she would be unable to work a 40-hour week on a regular and continuing basis. (R. at 1945.) The ALJ assigned this opinion "little weight because it is not consistent with the medical evidence." (R. at 25.) Plaintiff disagrees with this reasoning, and argues that the ALJ erred in failing to give Dr. Howarth's opinion controlling weight as that of a treating medical source under 20 C.F.R. § 404.1527(c)(2). (ECF No. 17 at 37.)

As an initial matter, the Commissioner does not dispute that Dr. Howarth is a

treating medical source under 20 C.F.R. § 404.1527(a)(2). (*See* ECF No. 18 at 17.) Under the regulation applicable to the weighing of treating medical source opinions,

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2).

In support of his assertion that Dr. Howarth's opinion is inconsistent with the medical record, the ALJ cited to three pieces of evidence from the administrative record. (R. at 25.) The first is a note from a May 22, 2018 examination with Howarth, which indicates that Plaintiff presented with "normal gait and station." (R. at 2531.) The second is a note from a May 24, 2018 examination with Howarth, which was a follow-up exam for Plaintiff's June 2017 right-knee replacement surgery. The note states that Plaintiff "has done extremely well from a pain standpoint but just has some subjective instability. She is here for a polyethylene exchange. We will plan to do that on 12 June 2018." (R. at 2524.) The third piece of evidence cited by the ALJ is a note from a June 2018 examination with physician assistant Tim Filzen, two weeks after Plaintiff's second right-knee surgery, which states in relevant part: "[Plaintiff] reports doing very well. She is happy with the results [of surgery] at this point and states that she can feel the difference already with ambulation. She has minimal pain that she has been able to control with Ultram." (R. at 2511.)

As to the first citation, it is far from obvious what about a normal gait and station is inconsistent with the inability to, for example, stand or walk for two hours in an eight-

hour workday.  From the Court's experience not only is it possible, but it's actually common, for a patient who may be able to stand and walk "normally" to not be able to do so for more than two hours in an eight-hour workday.  The Court cannot conclude that this, standing alone, constitutes substantial evidence in support of the ALJ's finding that Howarth's opinion was inconsistent with the medical evidence in the record.

To the ALJ's credit, the second and third cited record documents do indicate that Plaintiff's right-knee condition had improved subsequent to the two knee surgeries she had recently undergone.  But the ALJ apparently failed to recognize that Howarth's opinion of Plaintiff's functional capacity was based solely on her thoracic and lumbar spondylosis, *not* her knee problems.  (*See* R. at 1945.)  The fact that Plaintiff's knee condition had begun to improve is in no manner inconsistent with Plaintiff's back pain precluding her from walking or standing for two hours in a workday.  These selected examples of the medical evidence, in other words, are entirely consistent with Howarth's opinion.

It therefore is clear to the Court that none of the medical evidence cited by the ALJ in support of his assertion that Howarth's opinion was "inconsistent with the medical evidence" actually supports that assertion.  Accordingly, the Court is left only to speculate on what else (if anything) the ALJ legitimately believed to be inconsistent with Howarth's opinion.[2]  To do so, in the Court's view, would violate the clearly established

---

[2] The Commissioner attempts to characterize the ALJ's decision in this respect as having reasoned that Howarth's opinion was inconsistent with his own treatment notes.  (*See* ECF No. 18 at 18.)  Whether or not such reasoning would have been sound, that is quite clearly not what the ALJ said: "[Dr. Howarth's] opinion is given little weight because it is not consistent with the medical evidence."  (R. at 25.)

rule against *post hoc* justification of an ALJ's decision.  *See, e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).  Especially given that the administrative record is over 3,000 pages long (*see* ECF Nos. 10, 11), and in the absence of any specific and legitimate examples of "inconsistency," the Court cannot meaningfully review whether substantial evidence supports the ALJ's reasoning in this respect.  As a result, the decision of the Commissioner must be vacated and this case remanded.

Because the Court cannot conclude that the ALJ's reasoning as to Howarth's opinion was based in substantial evidence, it will not address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties as well as the ALJ to consider the evidence and the issues anew.

## V.  CONCLUSION

For the reasons set forth above, the Court ORDERS that the decision of the Commissioner denying Plaintiff's application for Social Security disability benefits is

VACATED, and this case is REMANDED for further proceedings consistent with this Order.

Dated this 2nd day of June, 2020.

BY THE COURT:

William J. Martinez
United States District Judge